**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BRYON ROBERT TURNER,

Plaintiff,

v.

GENERAL MOTORS LLC and DOES 1 THROUGH 10,

Defendant.

Case No. CV 26-7289 PVC

**MEMORANDUM OPINION AND ORDER**

## I.

## INTRODUCTION

In June 2026, Bryon Robert Turner filed a Complaint in Los Angeles County Superior Court against General Motors LLC, alleging breach of implied and express warranties under the California Song-Beverly Consumer Warranty Act. (Dkt. No. 1-2). On July 6, 2026, Defendant filed a Notice of Removal, removing the action to federal court. ("Notice," Dkt. No. 1).

On August 5, 2026, Plaintiff filed a Motion to Remand ("Motion," Dkt. No. 9), supported by the Declaration of Lan Cao (Dkt. No. 9-1) and accompanying exhibits as well as a Request for Judicial Notice (Dkt. No. 9-13). On September 8, Defendant filed its Opposition (Dkt. No. 10), supported by the Declaration of Tammara N. Bokmuller ("Bokmuller Decl.," Dkt. No. 10-1) and Exhibit A (Dkt. No. 10-2). On September 15, Plaintiff filed a Reply in support of their Motion (Dkt. No. 11). The Court held a hearing on October 1, 2026 (Dkt. No. 14).

The parties have consented pursuant to 28 U.S.C. § 636(c) to the jurisdiction of the undersigned United States Magistrate Judge. (Dkt. Nos. 5, 7, 8). For the reasons stated below, the Motion to Remand is DENIED.

## II.
## ALLEGATIONS OF THE COMPLAINT

Plaintiff leased a 2024 GMC Hummer EV SUV 2500 ("Subject Vehicle") in December 2024. (Compl. ¶ 8). Plaintiff alleges that the Subject Vehicle was defective and that Defendant failed to fulfill its warranty obligations. (*Id.* ¶¶ 10–15). Plaintiff states three causes of action arising under the Song-Beverly Act. (*Id.* ¶¶ 21–62). Plaintiff seeks actual damages, rescission, civil penalties, consequential and incidental damages, costs and attorneys' fees, and prejudgment interest. (*Id.* at 9).

## III.

## DISCUSSION

Plaintiff moves to remand the action to state court, arguing that Defendant's removal was not substantively proper. (Motion at 1–2).[1] Specifically, Plaintiff alleges that Defendant has failed to meet its burden to establish that the amount in controversy exceeds $75,000. (*Id.*)

### A. <u>Legal Standards</u>

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over matters authorized only by the Constitution and statute. *Royal Canin U.S.A., Inc. v. Wullschleger,* 604 U.S. 22, 26 (2025). There is a presumption that a district court lacks jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *accord Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017).

A defendant may remove a state civil action to the federal district and division where the action is pending if the district court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.*

[1] For ease of reference, when referring to the filings, the Court uses page numbers generated by CM/ECF. These numbers are printed in a blue ribbon at the top of each page filed on the docket.

Removal is narrowly construed, and there is a "strong presumption against removal." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted). The defendant "always has the burden of establishing that removal is proper," *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024) (citation omitted), and any ambiguities or doubt as to an action's removability are resolved in favor of remand, *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

If the action stated by the initial pleading is removable, a defendant must file the notice of removal within 30 days after receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b). This "first pathway" applies where "the basis for removal is clear from the complaint." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021). If "it is unclear from the complaint whether the case is removable," the pleading is "indeterminate," and the case is not removable at that stage. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 693–94 (9th Cir. 2005); *accord Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015). If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). When removability is not apparent from the face of the complaint or ascertainable from a subsequent paper, a defendant may remove a matter based on diversity jurisdiction outside of these two 30-day timelines, but within a year of commencement of the action. 28 U.S.C. § 1446(c); *see Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) (observing § 1446(c) requires that "a notice of removal must be filed, in any event, within one year of the commencement of the action").

### B. <u>Analysis</u>

#### 1. Diversity

The parties do not dispute that there is complete diversity. Based on its own investigation, Defendant asserts that Plaintiff is a California citizen or resident. (Notice at 3). A limited liability company (LLC) such as Defendant is a citizen of each state in which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen in the state in which it is incorporated and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, Defendant is an LLC whose sole member is General Motors Holdings LLC. (Notice at 3–4). The sole member of General Motors Holding LLC is General Motors Company. (*Id.*). General Motors Company is incorporated in Delaware with a principal place of business in Michigan. (*Id.*). Thus, there is complete diversity of citizenship between the parties.

#### 2. Amount in Controversy

On the central issue of alleged damages, Plaintiff contends that Defendant "failed to meet its burden to establish that the amount in controversy exceeded $75,000.00, exclusive of interests and costs as required for diversity jurisdiction . . . ." (Motion at 2; *see id.* at 12–13). But "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

**a) Actual Damages**

Under the Song-Beverly Act, a plaintiff may receive actual damages in the amount of "the actual price paid or payable by the buyer," offset by the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). Actual damages are further offset by negative equity; noncash credits provided by the manufacturer; and the actual price of "optional equipment, service contracts, or [guaranteed asset protection] financing purchased by the plaintiff." Cal. Code of Civ. Proc. § 871.27(b)–(d).

The Song-Beverly Act applies to leases as well as purchases of consumers goods. Cal. Civ. Code § 1794.4. The lessee is provided the same rights against the lessor (if the leased goods are from lessor's inventory) that the lessee would have had the goods been purchased by the lessee. Cal. Civ. Code § 1795.4(c). The Ninth Circuit has consistently held that for leased vehicles, Lemon Law damages are limited to amounts actually paid or payable by the lessee, not the total vehicle value or Total Gross Capitalized Cost ("GCC"). *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) (holding that a plaintiff's recovery "is limited to the actual amounts paid and to be paid under the contract, not the vehicle's total contractual value from the manufacturer's perspective."). This is because the GCC includes the residual value, the lessor's retained equity, which the lessee never pays, and therefore, cannot recover. Thus, the GCC is not the correct measure of actual damages for a lessee's Lemon Law claim. *See id.*

Here, Plaintiff signed a three-year lease for the Subject Vehicle and the total of the monthly payments during the lease is $32,573.16. (*See* Motion, Exhibit 12). Further,

Plaintiff paid $7,399.81 at signing, so the total paid or payable over the 36-month lease is $39,563.16. *Id.* This is the actual amount paid and to be paid under the contract.[2]

However, as noted above, actual damages must be reduced by the amount directly attributable to use (as measured by miles drive) by the consumer prior to the first repair (or attempted repair) of the problem as pro-rated against a base of 120,00 miles. Cal. Civ. Code § 1793.2(d)(2)(B); *see also Brady*, 243 F. Supp 2d at 1008–09. In this case, the parties do not dispute the estimated deductions. Defendant's preliminary investigation "estimated $9,500 in total deductions including estimates of statutorily required deductions for mileage offset (based on the allegations of the Complaint as to the mileage at the first presentation), third-party service contracts, manufacturer's rebate, and negative equity." (Notice at 5). Therefore, after applying the appropriate measure of actual damages yields a figure of $30,063.16 ($39,563.16 - $9,500.00).[3]

**b) Civil Penalties**

A plaintiff may also be entitled to civil penalties if the defendant's violations were willful. Cal. Civ. Code § 1794(c). A civil penalty award may not exceed twice the amount of actual damages. *Id.* Civil penalties are only available in certain circumstances

[2] The Ninth Circuit has consistently held that for leased vehicles, Lemon Law damages are limited to amounts actually paid or payable by the lessee, not the total vehicle value or GCC. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) (holding that a plaintiff's recovery "is limited to the actual amounts paid and to be paid under the contract, not the vehicle's total contractual value from the manufacturer's perspective."). This is because the GCC includes the residual value, the lessor's retained equity, which the lessee never pays and, therefore, cannot recover. In its Notice, Defendant utilizes the gross capitalized cost of the Subject Vehicle, which amounts to $93,563.16. (Notice at 5). However, Plaintiff correctly provides that the lease price, which is $39,563.16, is the measure of Plaintiff's restitution damages. Therefore, the Court will utilize the $39,563.16 figure.

[3] At the hearing on the Motion, Plaintiff's counsel stated that the actual damages were $30,436.27.

when either: (1) the defendant's violation was willful; or (2) the violation concerns a new vehicle under Cal Civ. Code section 1793.2(d)(2), and the manufacturer or representative defendant failed to maintain a qualified third-party dispute resolution process. Cal Civ. Code §§ 1794(c), 1794(e).

District courts are spilt on whether civil penalties should be included in the amount in controversy when a plaintiff's allegations of willful infringement are conclusory. *See Ferguson v. Kia Motors Am. Inc.*, 2021 U.S. Dist. LEXIS 95473, 2021 WL 1997550, at *3 (E.D. Cal.) ("[d]istrict courts in the Ninth Circuit are split on whether to include Song-Beverly Act civil penalties in calculations to assess the amount in controversy"); *see also Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding where defendant failed to provide any specific argument or evidence for including a civil penalty in the amount in controversy); *Pennon v. Subaru of Am., Inc.*, 2022 U.S. Dist. LEXIS 110006, 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) ( "The civil penalty under California Civil Code § 1794(c) cannot simply be assumed."); *Lopez v. Kia Am.*, Inc., 693 F. Supp. 3d 1063, 1068 (C.D. Cal. 2023) ("District courts regularly find a plaintiffs' boilerplate allegations regarding defendants' willfulness are, without more, insufficient to establish that civil penalties of two times actual damages are not speculative and should be included in the amount in controversy."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) ("There is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy."); *Lee v. FCA US, LLC*, 2016 U.S. Dist. LEXIS 195796, 2016 WL 11516754, at *2 (C.D. Cal.) (including the maximum civil penalty in the amount in controversy).

Here, Plaintiff does not dispute that he seeks civil penalties of two times the actual damages. (Motion at 6). Rather, Plaintiff argues that Defendant "has not satisfied its burden as to the alleged two times civil penalty." (*Id.* at 7). The Court disagrees that

Defendant's estimate of civil penalties is speculative. Although district courts are spilt on whether civil penalties may be considered when determining the amount in controversy, some courts have found damages to be properly included, even upon conclusory allegations. *See Ferguson v. Kia Motors Am. Inc.*, 2021 U.S. Dist. LEXIS 95473, 2021 WL 1997550, at *3 (E.D. Cal.) (collecting and comparing cases in Southern and Central Districts of California and stating "[d]istrict courts in the Ninth Circuit are split on whether to include Song-Beverly Act civil penalties in calculations to assess the amount in controversy"); *see also Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) ("there is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy"); *Luna v. BMW of N. Am., LLC*, 2018 U.S. Dist. LEXIS 85975, 2018 WL 2328365, at *4 (S.D. Cal.) (including the maximum civil penalty in the amount in controversy); *Lee v. FCA US, LLC*, 2016 U.S. Dist. LEXIS 195796, 2016 WL 11516754, at *2 (C.D. Cal.) (same).

Notwithstanding the split among district courts, the Court finds the arguments in favor of including civil penalties in the amount in controversy calculation more persuasive.[4] "[T]he amount of controversy analysis may include civil penalty damages as long as they are recoverable under state law." *Zeto v. BMW of N. Am., LLC*, 2020 U.S.

---

[4] Plaintiff asks this Court to take judicial notice of the following ten recent decisions on motions for remand: (1) *Gaytan v. General Motors LLC*, Case No. 2:25-cv-07082-FMO-RAO (C.D. Cal.) (unpublished); (2) *Chamberlain v. General Motors LLC*, Case No. 2:25-cv-07205-ODW-BFM (C.D. Cal) (unpublished); (3) *Sanchez v. General Motors, LLC*, Case No. 2:25-cv-07548-SVW-PVC; (4) *Gonzalez v. Nissan N. Am., Inc.*, Case No. 2:25-cv-04644-AH-AGR (C.D. Cal.) (unpublished); (5) *Pennon v. Subaru of Am., Inc.*, Case No. 2:22-cv-03015-SB-RAO (C.D. Cal.) (unpublished); (6) *Lopez v. Kia Am., Inc.*, Case No. 5:22-cv-03015-SB-RAO (C.D. Cal.) (unpublished); (7) *Tecson v. Mercedes-Benz USA, LLC*, Case No. 2:25-cv-02918-FLA-PVC (C.D. Cal.) (unpublished); (8) *Estrada v. FC US LLC*, Case No. 2:20-cv-10453-PA-JPR (C.D. Cal.) (unpublished); (9) *Makol v. Jaguar Land Rover N. Am., LLC*, Case No. 5:18-cv-03414-NC (N.D. Cal.) (unpublished); (10) *Zawaideh v. BMW of N. Am., LLC*, Case No. 3:17-cv-02151-W-KSC (S.D. Cal.) (unpublished). (Judicial Notice, Exhs. 1-10 [Dkt. No. 9-13]). The Court need not take judicial notice of other courts rulings. As is the case with any other District Court ruling, the Court may consider the legal analysis for its non-binding persuasive value.

Dist. LEXIS 213947, 2020 WL 6708061, at *4 (S.D. Cal. Nov. 16, 2020 (citing *Davenport v. Mut. Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963)). Civil penalty damages under the Song-Beverly Act are akin to punitive damages. *Luna v. BMW of N. Am., LLC*, 2018 U.S. Dist. LEXIS 85975, 2018 WL 2328365, at *3 (S.D. Cal. May 21, 2018)). Since punitive damages are included in the amount in controversy, "it follows . . . that the civil penalties sought here should be included in the amount in controversy." *Potts v. Ford Motor Co.*, 2021 U.S. Dist. LEXIS 96228, 2021 WL 2014796, at *5 (S.D. Cal. May 20, 2021).

"While courts may need to be wary of punitive damages inflating the amount in controversy as a general concern, not much scrutiny is needed when the Song-Beverly Act expressly states the contours of damages, and Plaintiff requests that amount." *Zeto*, 2020 U.S. Dist. LEXIS 213947, 2020 WL 6708061, at *4. Therefore, the Court will include the civil penalty in its calculation of the amount in controversy. To calculate the civil penalty, the Court doubles the amount of restitution. Thus, the amount in dispute for the civil penalty is approximately $60,126.32 ($30,063.16 x 2). Combining actual damages and civil penalties, Defendant has established an amount in dispute of at least $90,189.44 ($30,063.12 + $60,126.32). Accordingly, Defendant has demonstrated by a preponderance of the evidence that the amount in controversy under the Song-Beverly claims is met for this Court to exercise jurisdiction over this matter. The inclusion of civil penalties results in an amount in controversy that exceeds $75,000, without consideration of attorneys' fees and costs.

In sum, the Court finds that Defendant has met its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000 for purposes of diversity jurisdiction.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**. The Court will issue a separate order setting a scheduling conference.

**IT IS SO ORDERED**.

DATE: October 16, 2026

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE